**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**HARTFORD CASUALTY INSURANCE COMPANY,**

**Plaintiff,**

**v.** **CIVIL ACTION 09-0514-WS-M**

**SHIRLEY FAYE JENKINS, etc., et al.,**

**Defendants.**

**ORDER**

This matter is before the Court on the motion of third-party defendant Richard Jenkins ("Richard") to seek relief from entry of default and/or motion to set aside default. (Doc. 37). Third-party plaintiff Shirley Faye Jenkins ("Shirley") has filed a response, (Doc. 41),[1] and the motion is ripe for resolution.

Shirley filed a third-party complaint against Richard on September 28, 2009. (Doc. 23). Richard was personally served on October 16. (Doc. 28). He was therefore obligated to file a responsive pleading on or before November 5. Fed. R. Civ. P. 12(a)(1)(A)(i). He did not do so. On November 20, Shirley moved for entry of default. (Doc. 31). The Court granted the motion on November 25, (Doc. 32), and the Clerk entered default on November 30. (Doc. 33). Several hours later, Richard filed an answer, (Doc. 35), which the Court ordered stricken because Richard was in default and had not sought or received relief therefrom. (Doc. 36). The instant motion followed.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Although both parties invoke Rule 60(b), it does not apply because no judgment has been entered. Instead, Richard's motion is governed by Rule 55(c). The burden is on him, as the defaulting party, to show

[1]Shirley also filed a redundant second copy of her opposition. (Doc. 42).

good cause. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

The good cause standard is a "liberal" one, "elastic" but not endlessly so. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotes omitted). While there are no absolute criteria that must be satisfied, the most commonly considered factors are: (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defaulting party has a meritorious defense. *Id*. Additional factors include: (4) whether the public interest is implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the defaulting party acted promptly to correct the default. *Id*. Short of a willful default, none of these factors is "talismanic." *Id*. The Court considers the factors in sequence.[2]

Willfulness or culpability: Richard admits that he delivered process to his lawyer "soon after" being served, and the only excuse offered for counsel's failure to file a responsive pleading is that he was busy with other work and Thanksgiving holidays. Although "routine back-office problems ... do not rank high in the list of excuses for default,"[3] neither does counsel's delay appear to be the result of willfulness.[4]

---

[2]Shirley suggests that, as long as service of process was valid and personal jurisdiction exists, the entry of default should be upheld. (Doc. 41, ¶ 6). She relies for this proposition on a case discussing defenses remaining open to a defendant after his motion to set aside default has been denied, not the measure of whether such a motion should be granted.

[3]*Connecticut National Mortgage Co. v. Brandstatter*, 897 F.2d 883, 884-85 (7th Cir. 1990).

[4]Richard complains that he was not provided notice that Shirley had sought entry of default. He was not entitled to any such notice. "Although some lawyers hesitate to seek the entry of a default before advising adversary counsel of such intended action, the Rules of Civil Procedure provide when an answer shall be filed; no prodding by adversary counsel is required." *Kennerly v. Aro, Inc.*, 447 F. Supp. 1083, 1987 (E.D. Tenn. 1977). This is because Rule 5(a)(2) provides that "[n]o service is required on a party who is in

Prejudice: Richard's answer was filed within seven weeks of being served. (Doc. 30). This delay does not rise to the level of prejudice to Shirley,[5] who identifies no other basis for finding prejudice.

Meritorious defense: Richard's answer, though stricken, denies the substantive allegations of the third-party complaint and pleads two affirmative defenses. While Richard's failure to provide supporting facts would require this factor to weigh against him on a motion to set aide default judgment,[6] his answer is sufficient for this factor to weigh in his favor on motion to set aside default.[7]

Public interest: There is no reason to believe that the public interest is implicated by this dispute.

Significant financial loss: Shirley seeks an award of almost $200,000. (Doc. 23 at 4). This qualifies as significant financial loss to Richard, and Shirley does not argue otherwise.

Prompt correction: Richard filed his answer within three hours of the entry of default (and in ignorance that default had been entered). Greater promptness would be

---

default for failing to appear." The rule applies to litigants who are "in default," regardless of whether default has been formally entered. *Blanchard v. Cortes-Molina*, 453 F.3d 40, 46 (1st Cir. 2006); *Logans v. GTECH Corp.*, 1997 WL 157003 at *5 (5th Cir. 1997); *Johnson v. Granite*, 2009 WL 2020571 at *1 (E.D. Cal. 2009); *Allstate Insurance Co. v. Davis*, 2008 WL 2428871 at *1 (E.D. Ark. 2008) ("Notice is not required even when the clerk has not yet entered the party's default at the time the motion was filed ...."); 4B Charles Wright & Arthur Miller, Federal Practice and Procedure § 1144 n.1 (3rd ed. 2002) (same).

[5]*See Kilbride v. Vrondran*, 2007 WL 2775185 at *4 (S.D. Ala. 2007) (the "relatively brief delay" occasioned by the defendant's appearing less than two months after being served "does not amount to legally cognizable prejudice").

[6]*In re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1296 (11th Cir. 2003).

[7]*See Stone v. City of Mobile*, 2007 WL 505057 at *3 (S.D. Ala. 2007) (denial of factual allegations and assertion of affirmative defenses was adequate under the circumstances).

difficult to achieve.

Richard's attention to this lawsuit and to the instant motion leaves much to be desired. "However, there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). The resulting "elastic" measure of good cause stretches just far enough to rescue Richard.

For the reasons set forth above, the motion to set aside default is **granted**. The Clerk's entry of default against Richard is **set aside**. Richard is **ordered** to file and serve his responsive pleading on or before **December 18, 2009**.[8]

DONE and ORDERED this 14th day of December, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

[8] Shirley's motion for default final judgment against Richard, (Doc. 38), is **denied**.