IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0514-WS-M |
| ) | |
| SHIRLEY FAYE JENKINS, etc., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the motion of third-party plaintiff Shirley Faye Jenkins ("Shirley") for entry of default judgment against third-party defendant Mark IV Constructors, Inc. ("Mark IV"). (Doc. 39). Because default has been entered against Mark IV for failure to appear, (Doc. 33), it is not entitled to notice of the motion. Fed. R. Civ. 55(b)(2); *id*. 5(a)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The complaint filed by Hartford Casualty Insurance Company ("Hartford") alleges that Hartford issued a payment bond on behalf of Mark IV; that a contractor recently obtained a judgment of almost $200,000 against Mark IV and against Hartford, as surety

on the bond; that Hartford obtained a corresponding judgment against Mark IV and against Richard Jenkins ("Richard"), who executed a contractual indemnity agreement covering losses to Hartford on payment bonds issued to Mark IV; and that Shirley, as a signatory to the same agreement, is contractually obligated to indemnify Hartford for this loss, as well as for interest thereon and legal expenses incurred in the underlying litigation. (Doc. 1).

      Shirley's third-party complaint alleges that Richard is president of Mark IV; that she executed the indemnity agreement in 1980, while married to Richard; that she and Richard were divorced in 1999; that she has subsequently had nothing to do with the operation of Mark IV; that Hartford was aware of the divorce; that Hartford did not consider Shirley's assets and net worth in deciding to be surety for Mark IV; that judgment has been entered against Hartford and Mark IV in the underlying litigation of either $192,632.212 or $241,674.25; that the actions of Mark IV and Jenkins were the proximate and primary cause of Hartford's loss, while Shirley's liability, if any, is technical; and that Shirley did not actively or affirmatively contribute to Hartford's injury. She seeks indemnity or equitable contribution from both Jenkins and Mark IV. (Doc. 23).    Alabama certainly recognizes the possibility of indemnity by one tortfeasor to another when the indemnitee is only technically at fault or when, though both are at fault, the indemnitor is the efficient cause of the loss. *E.g., SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.*, 939 So. 2d 885, 902 (Ala. Civ. App. 2005). The trouble is that the parties' obligations to Hartford are not grounded in tort but in contract, and Shirley has not shown that indemnity is available in such a situation. Nor has she identified the elements of equitable contribution or shown that it may apply here.

      For the reasons set forth above, the motion for default judgment is **denied**.

      DONE and ORDERED this 14th day of December, 2009.

                              s/ WILLIAM H. STEELE
                              UNITED STATES DISTRICT JUDGE